**UNPUPLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4847**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

KEVIN STEVENS, JR.,

              Defendant – Appellant.

———————

**No. 12-4862**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

XAVIER HOLLEY,

              Defendant – Appellant.

———————

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Chief District Judge.  (2:11-cr-00073-RBS-LRL-2;  2:11-cr-00073-RBS-LRL-3)

———————

Submitted:  August 29, 2013      Decided:  September 9, 2013

———————

Before SHEDD, AGEE, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

---

Emily M. Munn, LAW OFFICE OF EMILY MUNN, Norfolk, Virginia, for Appellant Kevin Stevens, Jr.  Andrew A. Protogyrou, PROTOGYROU & RIGNEY, P.L.C., Norfolk, Virginia, for Appellant Xavier Holley. Neil H. MacBride, United States Attorney, Alexandria, Virginia; Benjamin L. Hatch, V. Kathleen Dougherty, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia; Emily C. Whitaker, Law Student, COLLEGE OF WILLIAM & MARY, Williamsburg, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On October 6, 2010, Robert Nelson, an employee of a pawn shop in Portsmouth, Virginia, was shot and killed during an attempted robbery. Following an investigation, law enforcement officers determined that Kevin Stevens, Jr., Xavier Holley, and others were involved in the attempted robbery. As a result, a federal grand jury indicted Stevens and Holley for conspiracy to interfere with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951 (Count One); attempt to interfere with commerce by robbery, in violation of the Hobbs Act and 18 U.S.C. § 2 (Counts Two and Four); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Three); and using and carrying a firearm during and in relation to a crime of violence causing death, in violation of 18 U.S.C. §§ 924(c)(1)(A), (j)(1), and 2 (Count Five).

At trial, the government presented evidence tending to establish, among other things, that the robbery was originally planned for October 5, 2010, but that Stevens (who was armed with Holley's gun) and another participant who entered the pawn shop with him became fearful and, thus, failed to commit the robbery. The evidence further tended to establish that on October 6, Stevens shot Nelson with Holley's gun during the course of the attempted robbery, and Holley waited nearby in the

3

getaway car to assist after the robbery. The jury convicted both defendants on all counts, and the district court sentenced them to a term of life imprisonment on Count 5; concurrent terms of 240 months on Counts 1, 2, and 4; and a consecutive term of 60 months on Count 3. They now raise several issues on appeal. We affirm.

Stevens and Holley argue that the attempted robbery of a local pawn shop has no impact on interstate commerce and, therefore, this case does not fall within the scope of the Hobbs Act. We find no merit to this contention. As we recently reiterated, the Hobbs Act's "jurisdictional predicate is satisfied where the instant offense has a 'minimal effect' on interstate commerce." United States v. Tillery, 702 F.3d 170, 174 (4th Cir. 2012), cert. denied, 133 S. Ct. 2369 (2013).[1] For purposes of the Hobbs Act, a robbery "has a minimal effect on interstate commerce when it depletes the assets of an inherently economic enterprise," and in making this determination, "we do not look at the impact of the immediate offense, but whether the relevant class of acts has such an impact." Id. (internal

---

[1] In pertinent part, the Hobbs Act provides: "Whoever in any way or degree obstructs, delays, or affects commerce . . . by robbery . . . or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a).

punctuation altered). Applying this standard, we easily conclude that the indictment properly charged Hobbs Act violations, and the government presented sufficient evidence at trial to establish the Hobbs Act jurisdictional predicate.[2]

Next, Holley contends that the district court erred by not dismissing the indictment against him or, alternatively, by not suppressing incriminating statements he made. After holding a hearing on this matter, the district court issued a thorough order explaining the reasons for denying Holley's motion. See United States v. Holley, 849 F.Supp.2d 622 (E.D. Va. 2012). Stated succinctly, the court rejected Holley's arguments, which he reiterates on appeal, that the government offered him transactional immunity during its investigation, the proffer letter he signed is an illusory promise and thus should be substituted for transactional immunity, and the government improperly obtained statements from him through coercion. We have carefully reviewed the court's underlying legal rulings de novo and its factual findings for clear error, and we are

---

[2] We find Stevens' and Holley's reliance on United States v. Lopez, 514 U.S. 549 (1995), to be without merit. See United States v. Williams, 342 F.3d 350, 354 (4th Cir. 2003) (reaffirming the minimal effect standard after Lopez). We also reject their argument that the Hobbs Act is not implicated because their crime was directed at an individual (the pawn shop employee).

satisfied that Holley has failed to establish entitlement to relief on these grounds.

Finally, relying primarily on issues involving witness credibility, Holley argues that the evidence is insufficient to sustain the verdicts against him. As he explains: "The government's claims against [him] are based in large part upon the contradictory, impeached, and inherently unreliable testimony of incarcerated co-conspirators, all of whom are hoping to receive lenient treatment in exchange for their testimony. . . . Evidence from such sources would not be able to sway the mind of a reasonably prudent fact finder and convictions contrary to this should be overturned." Brief of Appellants, at 17-18. We find that the government presented more than sufficient evidence to sustain Holley's convictions. See generally United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc) (setting forth the standard of review and explaining that the jury's credibility determinations are not susceptible to judicial review).

Based on the foregoing, we affirm the convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6